**Opinion filed April 9, 2026**



# In The

# Eleventh Court of Appeals

_____

## No. 11-26-00053-CR

_____

## SCOTT CROW, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**
**Ector County, Texas**
**Trial Court Cause No. C-45,015**

## M E M O R A N D U M   O P I N I O N

On June 10, 2015, Appellant, Scott Crow, pleaded guilty to the offense of driving while intoxicated, a third-degree felony, enhanced with a prior felony conviction. *See* TEX. PENAL CODE ANN. §§ 12.42(a), 49.04(a), 49.09(b)(2) (West Supp. 2025). Pursuant to a negotiated plea bargain agreement between Appellant and the State, the trial court sentenced Appellant to imprisonment in the Institutional Division of the Texas Department of Criminal Justice for twenty years. On

December 21, 2015, Appellant filed a pro se notice of appeal from the trial court's judgment. *Crow v. State*, No. 11-15-00328-CR, 2016 WL 208129, at *1 (Tex. App.—Eastland Jan. 14, 2016, no pet.) (per curiam) (mem. op., not designated for publication). We dismissed the appeal for want of jurisdiction because Appellant's notice of appeal was untimely filed and the appeal was prohibited by Rule 25.2(d). *Id.*; *see* TEX. R. APP. P. 25.2(d). On February 18, 2026, Appellant filed a second notice of appeal from the trial court's judgment. For the same reasons, we dismiss this appeal.

When this appeal was docketed, we notified Appellant by letter that his notice of appeal appeared to be untimely filed and that the appeal was subject to dismissal. *See* TEX. R. APP. P. 26.2(a). In our letter, we requested that Appellant respond and show grounds to continue the appeal. In his responses, Appellant has not shown any grounds upon which this appeal may proceed.

Pursuant to Rule 26.2(a) of the Texas Rules of Appellate Procedure, a notice of appeal must be filed either (1) within thirty days after the date that sentence is imposed in open court, or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed in open court. *Id.* Appellant attempts to appeal the same conviction that he attempted to appeal in 2015, and he filed the instant pro se notice of appeal nearly ten years after his sentence was imposed.

Moreover, as we stated in our previous opinion, the trial court's certification reflects that (1) this is a plea bargain case, (2) Appellant has no right of appeal, and (3) he waived his right of appeal. *Crow*, 2016 WL 208129, at *1. The trial court's certification was signed by Appellant, Appellant's trial counsel, and the presiding judge. Thus, even if Appellant had timely perfected an appeal from the trial court's judgment, his appeal would have been prohibited by Rule 25.2(d), which provides that an appellate court must dismiss an appeal without further action when there is

no certification showing that the defendant has the right of appeal. TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); *see Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005).

For the foregoing reasons, we have no discretion in this matter, and we must dismiss this appeal for want of jurisdiction.[1] TEX. R. APP. P. 25.2(d); *Hernandez v. State*, 726 S.W.3d 285, 289 (Tex. Crim. App. 2025); *Chavez*, 183 S.W.3d at 680.

This appeal is dismissed. Appellant's motion "for 'Extension of Time to file [his] final Appeal" is dismissed as moot.[2]


W. BRUCE WILLIAMS
JUSTICE


April 9, 2026

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Williams, J., and Quinn, S.C.J.[3]

Trotter, J., not participating.

---

[1]The Texas Court of Criminal Appeals has exclusive jurisdiction in post-conviction felony proceedings. *Ater v. Eighth Ct. of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding). We note that Appellant has filed numerous post-conviction writs of habeas corpus that have been denied or dismissed by the Court of Criminal Appeals. *See, e.g.*, *Ex parte Crow*, WR-71,693-17 (Tex. Crim. App. Jan. 29, 2026) (dismissed as subsequent application under Article 11.07, Section 4 of the Texas Code of Criminal Procedure); *Ex Parte Crow*, WR-71,693-12 (Tex. Crim. App. Dec. 11, 2019) (denied); *see also Ex parte Crow*, WR-71,693-19 (Tex. Crim. App. Mar. 5, 2026) (denying motion for leave to file original application for writ of habeas corpus).

[2]We note that the clerk of this court received Appellant's "Direct Appeal from June 10, 2015 Plea" on March 30.

[3]Brian Quinn, Senior Chief Justice (Retired), Court of Appeals, 7th District of Texas at Amarillo, sitting by assignment.